UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUDGE THOMAS, JR. ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | NO. 3:15-1087 |
| ] | JUDGE CRENSHAW |
| VANDERBILT CHILDREN'S ] | |
| HOSPITAL ] | |
|     Defendant. ] | |

## M E M O R A N D U M

The Plaintiff initiated this action with the *pro se* filing of a complaint (Docket Entry No. 1) pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination Act of 1967, a right-to-sue letter (Docket Entry No. 1-1 at pg. 2), and an application to proceed in forma pauperis (Docket Entry No. 2).

By an order (Docket Entry No. 4) entered December 4, 2015, the Court granted Plaintiff's application to proceed in forma pauperis. Having granted the Plaintiff pauper status, the Court is obliged to then determine whether his complaint is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2).

Upon review of the complaint and its attachments, it appeared that the Equal Employment Opportunity Commission (EEOC) had found no probable basis for a claim. As a consequence, a hearing was scheduled to assess whether the Plaintiff's claims should proceed further. Docket Entry No. 4.[1]

---

[1] The hearing was scheduled and conducted by the Honorable William J. Haynes, Jr., Senior District Judge. The case has since been reassigned to the docket of the undersigned. Docket Entry No. 9.

1

The Plaintiff is African American and was sixty two (62) years of age at the time of the frivolity hearing. The Defendant hired him as a Clinical Technician 1 in December, 1985. He was terminated from that position in November, 2014, causing him to take an early retirement. The Plaintiff alleges that he was terminated because of his race, that he was retaliated against for opposing unlawful employment practices, and that his age was also a determining factor in his discharge.[2]

**Racial Harassment**

Title VII recognizes racial harassment as an illegal employment practice. 42 U.S.C. § 2000e-5. To establish racial harassment in the workplace, the Plaintiff must show that : (1) he is a member of a protected class; (2) he was subjected to unwelcome racial harassment; (3) the harassment was based upon his membership in the protected class; (4) the harassment had the effect of unreasonably interfering with the Plaintiff's work performance; and (5) the employer knew or should have known about the harassing conduct but failed to take corrective measures. Bailey v. USF Holland, Inc., 526 F.3d 880, 885 (6th Cir. 2008).

The Plaintiff claims that his supervisor, Brenda Sanders, and his Manager, Laura Graves, made racially disparaging comments to him. More specifically, Plaintiff testified that Sanders, in April 2014, said "she need to take me off that, put me up to a tree and put a whip to me." Graves is reported to have said in October, 2014 that "we don't need your kind around here."[3]

---

[2] The facts as set forth have come from both the complaint and the Plaintiff's testimony at the frivolity hearing.

[3] The EEOC found that Sanders' alleged comment was untimely raised by the Plaintiff and that Graves' alleged comment "did not rise to the level of racial harassment as defined by Title VII". Docket Entry No. 1-1 at pg. 1.

2

To be timely, a charge of discrimination must be filed with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).[4] The allegedly unlawful comments occurred in April and October of 2014. The Plaintiff's charge of discrimination was made with the EEOC on July 13, 2015, more than 180 days after the comments were made to the Plaintiff. Consequently, the claim arising from the comments is untimely and, as such, is not actionable. In any event, isolated racist remarks, under the totality of these circumstances, were not sufficiently severe or pervasive to entitle Plaintiff to relief as a matter of law. *See* Williams v. CSX Transport Co., 643 F.3d 502, 512-513 (6th Cir. 2011).

**Retaliation in the Workplace**

Title VII also protects an employee against retaliation for engaging in a protected activity. To support such a claim, the Plaintiff must show that : (1) he was engaged in an activity protected by Title VII; (2) the activity was known to the Defendant; (3) Plaintiff was subjected to an adverse employment action; and (4) the adverse action occurred because of the protected activity. McClain v. Northwest Cmty. Correctional Center, 440 F.3d 320, 335 (6th Cir. 2006).

Plaintiff has failed to allege that he was terminated from his position because he was engaged in a protected activity. Plaintiff will lose where "all the critical facts show that the defendant had a valid, non-retaliatory justification for the discipline it imposed on the plaintiff." Vereecke v. Huron Valley School District, 609 F.3d 392, 403 (6th Cir. 2010). Here, the Plaintiff acknowledged that his

---

[4] As an exception to the 180 days, the statute provides that, "with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful practice occurred ...". It does not appear that the Plaintiff initially initiated proceedings in a State or local agency. Therefore, this exception does not apply.

3

discharge was due to his inability to properly interact with his fellow employees. Indeed, it appears that he was on progressive disciple since April 2013 for inappropriate conduct and unprofessional behavior. Therefore, he has failed to state a claim of retaliatory discharge.

**Age Discrimination**

The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, prohibits an employer from using age as the "but for" reason for employment decisions. To establish a claim for relief under this statute, the Plaintiff must show : (1) that he is a member of the protected class, i.e., those individuals at least 40 years of age; (2) that he was subjected to an adverse employment action; (3) that he was qualified for a particular position; and (4) that he was replaced by a person not a member of the protected class. Tuttle v. Metro Gov't of Nashville, 474 F.3d 307, 317 (6th Cir. 2007).

In this regard, the Plaintiff does not allege that he was terminated so that a younger individual could be hired in his place. Neither does Plaintiff allege that his age was the "but for" reason for his termination. Based on the totality of Plaintiff's allegations, age was not the causal reason for his termination. Plaintiff, therefore, has failed to state a claim for age discrimination.

**Conclusion**

Plaintiff has failed to state a claim for employment discrimination. Under such circumstances, the Court is obliged to dismiss his complaint *sua sponte.* 28 U.S.C. § 1915(e)(2). Accordingly, an appropriate order will be entered dismissing this action.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE